UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JON CROSSLAND,

        Plaintiff,

    v.

WIDEORBIT, INC.,

        Defendant.

CASE NO. C18-1422RSL

ORDER GRANTING MOTION
TO DISMISS RETALIATION
CLAIM

This matter comes before the Court on "Defendant's Motion for Partial Dismissal." Dkt. # 10. Plaintiff alleges that defendant terminated his employment because of his age and/or because he complained about age-based harassment. Defendant seeks dismissal of the retaliation claim, arguing that plaintiff has failed to allege facts giving rise to a plausible inference that he engaged in protected activity under the Washington Law Against Discrimination ("WLAD") or that his termination was causally related to any such activity.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as

ORDER GRANTING MOTION TO
DISMISS RETALIATION CLAIM

opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiff, a 64 year old man, alleges that he had a stellar performance record as a Senior Sales Manager for defendant for thirteen years. In February 2018, however, the Canadian territory plaintiff had been managing was summarily taken from him, and he was told that the change would adversely impact the calculation of his annual bonus. The Canadian territory was given to a younger, less experienced employee. Although plaintiff alleges that he was devastated and humiliated by the loss of the Canadian accounts, there is no indication that he complained that this decision was the result of age discrimination.

In March 2018, at a meeting of defendant's Product & Sales employees in San Diego, one of defendant's Vice Presidents made a formal presentation of a hard hat to plaintiff. The hard hat was emblazoned with the words "Caution Old Zone." Immediately after the presentation, plaintiff complained about the "gift" to a supervisor and an officer of defendant. He told them that the hat was not amusing and that he had

been embarrassed by the Vice President.

Three months after complaining about the hard hat incident, plaintiff was given a choice: either develop an exit plan for himself or be put on a performance plan that would monitor unspecified sales metrics. If he failed to meet the undetermined sales objectives, he would be dismissed. The implication was that plaintiff's role with defendant was coming to an end regardless of which avenue he chose. Plaintiff argued that defendant's proposal was nonsensical, pointing to his sales and pending business in 2018 and asking how $7 million in revenue could be deemed unacceptable performance. In July 2018, defendant offered a severance package which plaintiff refused. Plaintiff's employment was terminated on August 3, 2018.

Defendant does not seek dismissal of plaintiff's age discrimination claim, only his retaliation claim. To establish a prima facie case of retaliation under RCW 49.60.210(1), plaintiff must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between his activity and the adverse action. Currier v. Northland Servs., Inc., 182 Wn. App. 733, 742-43 (2014). In order to satisfy the first element of the prima facie case, plaintiff must allege that he opposed conduct which was, or which he reasonably believed was, forbidden by RCW Chapter 49.60. The WLAD protects a person who reasonably believes he or she is opposing discriminatory practices even if it turns out that the practice is not actually discriminatory. RCW 49.60.210(1); Currier, 182 Wn. App. at 743.

Plaintiff alleges that he complained about the hard hat "gift" and was terminated shortly thereafter.[1] The question, then, is whether the complaint constituted opposition

---

[1] In his opposition, plaintiff asserts that he complained not only about the inappropriate "gift," but also about a pattern of age discrimination at the company, of which the "gift" was simply more evidence. Dkt. # 12 at 2. There are no allegations in the complaint that could

ORDER GRANTING MOTION TO
DISMISS RETALIATION CLAIM
-3-

to conduct which plaintiff reasonably believed was forbidden by the WLAD. There are two types of discriminatory practices forbidden by RCW Chapter 49.60. First, an employer cannot subject an employee to an adverse employment action because of a protected characteristic. The disparate treatment analysis does not apply here. The presentation of a gag gift, even one in bad taste, had no effect on the express terms or conditions of plaintiff's employment: he was not fired, refused a promotion, demoted, transferred, reassigned, or subjected to a cut in pay or benefits as a result of the presentation. Rather, plaintiff appears to be arguing that the presentation created a hostile work environment and that his complaint about the presentation therefore constituted protected activity.

The Court assumes, for purposes of this motion, that the hard hat presentation was prompted by plaintiff's age and that plaintiff subjectively found the attention unwelcome and embarrassing. In order to establish a hostile work environment claim, plaintiff must also show that the conduct "was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Ellorin v. Applied Finishing, Inc., 996 F. Supp.2d 1070, 1080-81 (W.D. Wash. 2014) (citing Westendorf v. W. Coast Contractors of Nev., Inc., 712 F.3d 417, 421 (9th Cir. 2013)).[2] See also Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998). In analyzing whether the alleged hostile conduct permeated the work environment, the Court looks "to the totality of the circumstances considering factors such as the frequency of the discriminatory conduct; its severity; whether it is physically threatening

---

support an inference that plaintiff did anything more than complain that the hard hat presentation was embarrassing.

[2] Although it is not binding, Washington courts look to Title VII case law as persuasive authority when construing the WLAD. See Glasgow v. Georgia–Pacific Corp., 103 Wn.2d 401, 406 n.2 (1985).

ORDER GRANTING MOTION TO
DISMISS RETALIATION CLAIM
-4-

or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." MacDonald v. Korum Ford, 80 Wn. App. 877, 885 (1996) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). "The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 (9th Cir. 2004) (internal quotation marks and citation omitted). Plaintiff must show that a "reasonable person" would find the work environment to be "hostile or abusive" and that he, in fact, did so. Westendorf, 712 F.3d at 421.

The WLAD, like Title VII, precludes discrimination. The statutes are not general codes of civility, and "[a] violation is not established merely by evidence showing sporadic use of abusive language, [age]-related jokes, and occasional teasing." E.E.O.C. v. Prospect Airport Servs., Inc., 621 F.3d 991, 998 (9th Cir. 2010). In this case, plaintiff has identified a single age-related joke (or insult) as the basis of his hostile work environment claim. The conduct appears to have been isolated, it is not alleged to have had a discernable impact on plaintiff's work performance, and it was a verbal affront with no physical component. The fact that the employer's representative made the presentation in a public setting sets this case apart from many of the cases cited by defendant, but courts regularly find that this type of inappropriate, isolated occurrence is not severe or pervasive enough to alter the conditions of employment and create an abusive working environment. See Davis v. Fred's Appliance, Inc., 171 Wn. App. 348, 361-62 (2012); MacDonald, 80 Wn. App. at 886-87. While plaintiff was justifiably offended and complained, he could not reasonably have believed he was complaining about a hostile work environment. He cannot, therefore, satisfy the first element of the retaliation claim.

ORDER GRANTING MOTION TO
DISMISS RETALIATION CLAIM
-5-

//

For all of the foregoing reasons, defendant's motion to dismiss the retaliation claim (Dkt. # 10) is GRANTED. Although one of plaintiff's claims has been dismissed, this litigation continues. In this context, leave to amend will not be blindly granted. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the allegations supporting his retaliation claim to remedy the pleading and legal deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration.

Dated this 11th day of January, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge