UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JON CROSSLAND,

    Plaintiff,

  v.

WIDEORBIT, INC.,

    Defendant.

CASE NO. C18-1422RSL

ORDER DENYING PLAINTIFF'S MOTION TO AMEND

This matter comes before the Court on "Plaintiff's Motion for Reconsideration and Leave to Amend the Complaint Pursuant to FRCP 15." Dkt. # 23.[1] On January 11, 2019, the Court dismissed plaintiff's retaliation claim in part because he had not alleged that he had complained that his employer's decision to give the Canadian territory to someone else was the result of age discrimination. Dkt. # 22 at 2. Plaintiff now seeks to amend his complaint to add the following paragraph:

> 6. After Plaintiff was notified of the removal of his Canadian market, Plaintiff met with Susie Hedrick, Defendant's Senior Vice President for Sales, in March 2018 to contest this decision. Plaintiff felt that the decision was related to his age. Plaintiff pointed out that the replacement taking over his accounts is immature, much less experienced, and does not have the same existing relationships with the Canadian clients. Hedrick agreed that the decision is a mistake, but she explained that the decision

---

[1] Despite the title, plaintiff is not arguing that the Court erred in its analysis of the retaliation claim or that new law or evidence requires reconsideration.

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

> was not hers to make.

Dkt. # 23-3 at 2-3.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). Defendant argues that the proposed amendment would be futile because it would be subject to immediate dismissal for failure to state a claim for relief. The Court agrees.

In order to withstand a motion to dismiss, the proposed complaint must include factual allegations sufficiently stating a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff alleges that he felt that he was deprived of the Canadian territory because of his age, but his complaint to Hedrick made no reference to his protected status or the age of his replacement. Criticizing the wisdom or fairness of a particular decision or the qualifications of the chosen replacement are not complaints of age discrimination. See Alonso v. Qwest Commc'ns Co., LLC, 178 Wn. App. 734, 754 (2013) ("A general complaint about an employer's unfair conduct does not rise to the level of protected activity in a discrimination action under WLAD absent some reference to the plaintiff's protected status."). For whatever reason, plaintiff opted not to share his suspicion that he had been ousted because he was a 64 year old man and instead chose to couch his complaints in terms of business concerns. Having avoided

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

-2-

protected activity, plaintiff cannot maintain a retaliation claim.

For all of the foregoing reasons, plaintiff's motion for leave to amend (Dkt. # 23) is DENIED.

Dated this 15th day of March, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge